McGREGOR W. SCOTT
United States Attorney
LUCILLE GONZALES MEIS
Regional Chief Counsel, Region IX
Social Security Administration
ELIZABETH FIRER
Special Assistant United States Attorney

333 Market Street, Suite 1500
San Francisco, California 94105
Telephone: (415) 977-8943
Facsimile: (415) 744-0134
E-Mail: Elizabeth.Firer@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN L. BODAY,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE[1],<br>　Commissioner of Social Security,<br><br>　　　　Defendant. | CIVIL NO. 2:06-CV-01382-DAD<br><br>STIPULATION AND ORDER OF VOLUNTARY REMAND AND DISMISSAL OF CASE, WITH DIRECTIONS TO CLERK TO ENTER JUDGMENT |

　　　IT IS HEREBY STIPULATED by the parties, through their undersigned attorneys, and with the approval of the Court as provided below, that the Commissioner has agreed to a voluntary remand of this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

　　　Upon remand, the ALJ must present whatever functional limitations are supported in the record to a vocational expert (VE) via hypothetical questions. The ALJ should be careful not to include definitions for terms that do not comport with Agency policy. The ALJ must assess Plaintiff's residual

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should therefore be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

functional capacity based on his hypothetical questions and accurately represent the VE's testimony in his written decision.  If the VE's testimony is inconsistent with the ability to perform past work or other work, the ALJ must so acknowledge.  The ALJ should also be careful to follow the direction of Social Security Ruling 03-2p regarding reflex sympathetic dystrophy.  In particular, the ALJ must not only address the statements from lay witnesses but, if he is not going to rely on those statements, he must provide germane reasons for rejecting the statements in accordance with Ninth Circuit law.  Stout v. Barnhart, 454 F.3d 1050, 1053 (9th Cir. 2006) ("[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness) (internal citations omitted).

It is further stipulated that the administrative decision is hereby vacated and that the Clerk of this Court shall be directed to enter a separate judgment herein, as provided for under Rules 58 and 79(a) of the Federal Rules of Civil Procedure, pursuant to Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625 (1993).

Respectfully submitted,

Dated: February 9, 2007          /s/ Jonathan A. Hendricks
                                 (As authorized via telephone)
                                 JONATHAN A. HENDRICKS
                                 Attorney for Plaintiff

Dated: February 9, 2007          McGREGOR W. SCOTT
                                 United States Attorney
                                 LUCILLE GONZALES MEIS
                                 Regional Chief Counsel, Region IX
                                 Social Security Administration

                                 /s/ Elizabeth Firer
                                 ELIZABETH FIRER
                                 Special Assistant U.S. Attorney
                                 Attorneys for Defendant

ORDER

APPROVED AND SO ORDERED.

DATED: February 14, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1/orders.socsec/boday1382.stipord.remand